# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>  Plaintiff,<br><br>v.<br><br>VICTOR MANUEL AVALOS-RIVERA,<br><br>  Defendant. | Case No.: 17cr4006-MMA<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT**<br><br>[Doc. No. 19] |

Defendant Victor Manuel Avalos-Rivera is charged in a single-count Indictment with attempted illegal re-entry, in violation of Title 8, United States Code, section 1326(a) and (b). Defendant moves to dismiss the Indictment pursuant to Section 1326(d) on grounds that his underlying removal order is invalid and cannot serve as a predicate for the instant offense. *See* Doc. No. 19. The government opposes the motion. *See* Doc. No. 20. The parties appeared before the Court on February 5, 2018 for a hearing on the motion. After considering the arguments of counsel, the Court took the motion under submission. Subsequently, Defendant filed a late reply in support of his motion. *See* Doc. No. 21. The government filed a sur-reply. *See* Doc. No. 23. For the reasons set forth below, the Court **DENIES** Defendant's motion.

1

## BACKGROUND

On June 26, 2008, Defendant was convicted of second degree robbery, in violation of California Penal Code § 211. On September 22, 2008, Defendant was convicted of possessing a controlled substance, in violation of California Health and Safety Code § 11350(A). For each conviction, Defendant was sentenced to a term of two years' imprisonment.

On March 10, 2010, a Notice to Appear was issued charging Defendant with being removable on four separate grounds:

> Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony.
>
> Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of an aggravated felony as defined in Section 101(a)(43)(F) of the Act, a crime of violence (as defined in section 16 of Title 18, United States Code, but not including a purely political offense) for which the term of imprisonment ordered is at least one year.
>
> Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.
>
> Section 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State, the United States or a foreign county relating to a controlled substance (as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 grams or less of marijuana.

Def. Ex. F.

Defendant appeared before an Immigration Judge ("IJ") in El Centro, California, on March 23, 2010. The IJ sustained the charges that Defendant was convicted of an aggravated felony crime of violence, based on the 2008 second degree robbery

conviction, and that he was convicted of a violation of law relating to a federally controlled substance, based on the 2008 possession conviction. The IJ advised Defendant that he was not eligible for relief from removal, and ordered his removal.

## **RELEVANT LAW**

"A defendant charged with illegal reentry under 8 U.S.C. § 1326 has a Fifth Amendment right to collaterally attack his removal order because the removal order serves as a predicate element of his conviction." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004). To succeed, a defendant must demonstrate that: 1) he exhausted all administrative remedies, 2) the underlying removal proceedings improperly deprived him of the opportunity for judicial review, and 3) the entry of the removal order was fundamentally unfair. *Id*. at 1048. Entry of an order is fundamentally unfair if it violated an alien's due process rights and the alien suffered prejudice as a result. *Id*.; *see also United States v. Reyes-Bonilla*, 671 F.3d 1036, 1042-43 (9th Cir. 2012).

The general rule is that a defendant who has been convicted of an aggravated felony "cannot show that he was prejudiced by defects in his underlying [removal] proceedings . . . because noncitizens convicted of aggravated felonies are . . . ineligible for almost all forms of discretionary relief." *United States v. Alvarado-Pineda*, 774 F.3d 1198, 1201 (9th Cir. 2014) (internal citations omitted).

## **DISCUSSION**

Defendant argues that he was not removable as charged in the Notice to Appear, and as such, the 2010 removal order is invalid. First, Defendant asserts that his California robbery conviction no longer qualifies as an aggravated felony crime of violence. Pursuant to the Ninth Circuit's holding in *United States v. Dixon*, 805 F.3d 119 (9th Cir. 2015), Defendant is correct. However, the statutory definition of an aggravated felony includes numerous offenses, including "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year," 8 U.S.C. § 1101(a)(43)(G). In *United States v. Guzman-Ibarez*, the Ninth Circuit held that a robbery conviction under California Penal Code § 211 qualifies as an aggravated felony

theft offense under Section 1101(a)(43)(G): "We have determined that the IJ correctly decided that Guzman's robbery conviction was an aggravated felony." 792 F.3d 1094, 1101 (9th Cir. 2015). The circuit court's holding in *Guzman-Ibarez* directs the outcome in this case.[1]

Furthermore, the year prior to issuing its opinion in *Guzman-Ibarez,* the Ninth Circuit reached a similar conclusion in *Alvarado-Pineda, supra*, when it determined that a conviction in Washington state for second degree robbery qualifies as an aggravated felony theft offense under Section 1101(a)(43)(G).[2] 774 F.3d at 1203. The elements of robbery in Washington are analytically identical to robbery in California under Section 211. *Compare* Rev. Code Wash. § 9A.56.190 ("A person commits robbery when he or she unlawfully takes personal property from the person of another or in his or her presence against his or her will by the use or threatened use of immediate force, violence, or fear of injury to that person or his or her property or the person or property of anyone.") *with* Cal. Pen. Code § 211 ("Robbery is the felonious taking of personal

---

[1] Defendant relies primarily on an unpublished decision by another court in this District, in which the court determined that robbery under Section 211 is not a categorical aggravated felony theft offense. *United States v. Bernal-Sanchez*, No. 15CR1689-WQH, 2016 WL 727070, at *7 (S.D. Cal. Feb. 24, 2016); *see also United States v. Alonso-Sepulveda*, No. 15CR3084-WQH, 2016 U.S. Dist. LEXIS 41570 (S.D. Cal. Mar. 29, 2016) (reaffirming the *Bernal-Sanchez* decision one month later on the same grounds). However, the court did not cite *Guzman-Ibarez* in its decisions, and *Guzman-Ibarez* remains good law. Moreover, the California cases upon which the court relied in *Bernal-Sanchez* pre-date *Guzman-Ibarez*, so the circuit court had the benefit of their logic if it wished to conclude that robbery under Section 211 is not an aggravated felony theft offense. The Ninth Circuit did not so conclude.

[2] Additionally, although it cannot be relied upon as precedent, it is worth noting that in an unpublished decision in 2012, the Ninth Circuit held that the Board of Immigration Appeals correctly determined that a conviction for second degree robbery under California Penal Code § 211 qualifies as an aggravated felony theft offense under Section 1101(a)(43)(G). *See Castillo-Interiano v. Holder*, 474 Fed. Appx. 691 (9th Cir. 2012). And more recently, in another unpublished decision, the Ninth Circuit again acknowledged that a robbery conviction under § 211 is an aggravated felony theft offense. *See Torres v. Lynch*, 654 F. App'x 323, 324 (9th Cir. 2016) ("Torres does not challenge the agency's determination that his conviction for second-degree robbery in violation of California Penal Code § 211 is an aggravated felony theft offense, as defined by 8 U.S.C. § 1101(a)(43)(G), that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii).").

property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.").

In sum, a California Penal Code § 211 robbery conviction qualifies as a categorical aggravated felony theft offense. As an aggravated felon, Defendant "cannot show that he was prejudiced by defects in his underlying [removal] proceedings . . . because noncitizens convicted of aggravated felonies are . . . ineligible for almost all forms of discretionary relief." *Alvarado-Pineda,* 774 F.3d at 1201. Absent any available relief, an illegal alien does not suffer any prejudice from a purported denial of due process during immigration proceedings.[3]

## CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's motion to dismiss the Indictment pursuant to Section 1326(d). Under the current law of this circuit, Defendant's second degree robbery conviction under California Penal Code § 211 qualifies as an aggravated felony. Defendant was removable on that basis, as charged under the first ground for removal stated in the March 20, 2010 Notice to Appear. *See* Def. Ex. F (citing 8 U.S.C. § 1227(a)(2)(A)(iii)). The challenged removal order was not fundamentally unfair, and serves as a valid predicate removal order for purposes of the current offense.

**IT IS SO ORDERED**.

DATE: February 16, 2018

HON. MICHAEL M. ANELLO
United States District Judge

---

[3] Defendant also challenges his removability based on his previous controlled substance conviction. Defendant argues that the record fails to establish that he was convicted of California Health and Safety Code §11350 for possession of cocaine, a federally regulated controlled substance. As the government points out, Defendant admitted to this conviction, including the nature of the substance, to wit, cocaine, during his removal proceedings. Moreover, the abstract of judgment shows that he pleaded guilty to Count 7 of a felony complaint, for which he received a two-year prison term; in turn, the felony complaint clearly charges Defendant in Count 7 with possessing cocaine in violation of § 11350(A). *See* Def. Ex. G. As such, Defendant's controlled substance conviction also constituted proper grounds for removal.